ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>APELADOS<br><br>V.<br><br>GABRIEL A. PÉREZ LIZ<br><br>APELANTE | KLAN202300785 | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia Sala de Carolina<br><br>Caso Núm.<br>F BD2022G0002<br><br>Sobre:<br><br>ARTS. 204<br>Código Penal de Puerto Rico |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2024.

Comparece, Gabriel A. Pérez Liz (en lo sucesivo, "el apelante") a los fines de que revoquemos la Sentencia emitida el 7 de agosto de 2023, notificada el 10 de agosto de 2023 por el Tribunal de Primera Instancia (en adelante TPI), Sala Superior de Carolina. Mediante esta se declaró culpable al apelante por el delito de fraude en la ejecución de obras, Art. 204 del Código Penal de Puerto Rico de 2012, Ley Núm. 146 – 2012, 33 LPRA sec. 5274. A su vez se le ordenó cumplir una pena de tres (3) años mediante el mecanismo de sentencia suspendida, trescientos dólares ($300.00) de pena especial y catorce mil doscientos ($14,200.00) de restitución.

Por los fundamentos que expondremos a continuación, confirmamos la sentencia apelada.

**I.**

Por hechos ocurridos el día 3 de julio de 2021, el 6 de octubre de 2021 se presentó contra el señor Gabriel Antonio Pérez Liz (en adelante, "el apelante") dos denuncias por infracción a los artículos 182 (apropiación ilegal agravada) y 204 (Fraude en ejecución de obras) del

Código Penal de Puerto Rico de 2012, Ley Núm. 146 – 2012, 33 LPRA sec. 5252 y sec. 5274. En la vista de determinación de causa probable para arresto la defensa se allanó a una determinación de causa probable y se señaló vista preliminar para el 18 de octubre de 2021. En dicha fecha, se determinó causa probable para acusar por infracción al artículo 204 del Código Penal, supra. Mientras que por el artículo 182 del Código Penal no se determinó causa para acusar. Luego de varios trámites procesales se celebró el juicio por jurado los días 26, 27 y 28 de abril de 2023 y el 1 de mayo de 2023.

Para probar su caso, el Ministerio Público presentó como prueba testimonial, al señor Jorge Guerrero Espada (en adelante, "Sr. Guerrero Espada"); el señor Jorge Guerrero Calderón (en adelante, "Sr. Guerrero Calderón"); y el Agente Elliot Rivera Rodríguez (en adelante, "Agte. Rivera Rodríguez"). A su vez, presentó como prueba documental, la cotización que preparó el apelante para trabajar los contenedores[1], fotografías de los dos contendores junto con los materiales[2], recibo de pago que se le hizo al apelante[3] [4], foto del lote en la cual solamente hay un contenedor[5], dos fotos de los contenedores con sus respectivos números de series[6], dos fotos en las cuales se refleja el comienzo de los trabajos y un recibo de seis mil dólares en efectivo ($6,000.00)[7].

Del testimonio prestado por el señor Guerrero Espada surge que se solicitaron los servicios del apelante, para la fabricación e instalación de sistema eléctrico, plomería, losetas, gypsum board, equipos de baños y de cocina de dos contendores pertenecientes a los señores Guerrero Espada y Guerrero Calderón[8]. Indicó que, el apelante envió una cotización por catorce mil setecientos sesenta y cuatro dólares con cuatro veinticuatro centavos ($14,764.24) correspondientes a la mano de obra[9].

---

[1] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, a la pág. 9.
[2] *Id,* a la pág. 14.
[3] *Id,* a la pág. 16.
[4] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Calderón, a la pág. 109.
[5] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, a la pág. 22.
[6] *Id,* a la pág. 24.
[7] *Id,* a la pág. 26.
[8] *Id,* a la pág. 7.
[9] *Id,* a la pág. 10.

Sostuvo que, las partes lograron un acuerdo mediante llamada telefónica[10]. En esta, se estableció que el apelante se encargaría de la transportación de los contenedores. Ello, desde Caja Grande en la Avenida Kennedy hasta la finca donde se iban a realizar los trabajos en el Barrio Barrazas de Carolina y luego a Culebra[11]. Las partes acordaron que los trabajos culminarían cuando se transportaran los contenedores a la playa Flamenco en Culebra[12].

Luego de haberse realizado varios pagos por mano de obra, el 3 de julio de 2021, el Sr. Guerrero Espada argumentó que, visitó la finca donde se suponía estuviesen ubicados los contenedores. Indicó que al personarse a la finca, solo había uno de los contenedores[13]. A raíz de ello, según alegó, intentó contactar infructuosamente al apelante. Cuatro días después, el 7 de julio de 2021, volvió a personarse a la escena y se percató que ambos contenedores habían desaparecido[14]. Sostuvo, que procedió a llamar al apelante, pero no logró contactarlo. Ante ello, acudió a la Comandancia de Carolina para radicar una querella en contra del apelante.

Por otro lado, surge del testimonio del Agte. Rivera Rodríguez, que el día 31 de agosto de 2021 acudió a la última residencia conocida del apelante, la cual se encontraba deshabitada[15]. Añadió, que el apelante logró contactarse desde un número cuyo código de área era del estado de Nueva York. Así pues, le informó al apelante sobre lo que estaba ocurriendo y le indicó si le era posible estar en Puerto Rico el 6 de octubre de 2021. Este alegadamente contestó que se le haría un poco difícil. Agregó, que para el mes de octubre se comunicó con el apelante para corroborar si había realizado algún trámite para comparecer a Puerto Rico. Esto con el fin de lograr un acuerdo entre ambas partes. Al no

---

[10] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, a la pág. 10.
[11] *Id.*
[12] *Id*, a la pág. 63.
[13] *Id,* a la pág. 21.
[14] *Id,* a la pág. 22.
[15] Véase, *Transcripción parcial de Juicio.* Declaración de Agte. Elliot Rivera Rodríguez, págs. 152-154.

obtener una comparecencia, los agentes se vieron obligados en consultar el caso.

Luego de desfilada la prueba de cargo, el jurado encontró culpable al apelante, por lo cual se emitió un veredicto de culpabilidad. El día 7 de agosto de 2023 se le impuso al apelante una sentencia suspendida de 3 años con pena de restitución de catorce mil doscientos dólares ($14,200.00) y la imposición de la pena especial de trescientos dólares ($300.00).

Oportunamente, el 6 de septiembre de 2023, el apelante, compareció ante este Tribunal mediante recurso de apelación. En su escrito señaló los siguientes errores:

**Primer señalamiento de Error**
**Erró el Honorable Tribunal de Instancia al emitir un veredicto de culpabilidad en el caso de epígrafe a pesar de que no se probó la culpabilidad del acusado más allá de duda razonable.**

**Segundo señalamiento de Error**
**Erró el Honorable Tribunal de Instancia al emitir un veredicto de culpabilidad a pesar de que no se probaron todos los elementos del delito del artículo 204 del Código Penal de Puerto Rico de 2012.**

**II.**

### A. Culpabilidad del acusado

La Carta de Derechos de la Constitución de Puerto Rico, en su artículo dos sección once, reconoce que "en todos los procesos criminales, el acusado disfrutará del derecho a gozar de la presunción de inocencia". Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1. Del mismo modo, la Regla 110 de las reglas de evidencia de Puerto Rico establece en su inciso (F) que "en los casos criminales, la culpabilidad de la persona acusada debe ser establecida más allá de duda razonable". R. Evid. 110(F), 32 LPRA Ap. IV (2009). Según *Pueblo v. Toro Martínez*, 200 DPR 834, 855 – 856 (2018):

> Para rebatir la presunción de inocencia, el ordenamiento jurídico requiere la presentación de evidencia que establezca la culpabilidad del acusado más allá de duda razonable. A raíz de esto es el Estado, quien deberá presentar evidencia sobre la existencia de todos los elementos del delito y su conexión con el acusado. Esto

> no conlleva que la culpabilidad del acusado tenga que probarse con certeza matemática. La determinación de que se incumplió con este *quantum* de prueba —más allá de duda razonable— "es una cuestión de raciocinio, producto de todos los elementos de juicio del caso". En ese sentido, la duda razonable que impide rebatir la presunción de inocencia reconocida por nuestra Constitución no es una mera duda especulativa o imaginaria, o cualquier duda posible; es la insatisfacción con la prueba lo que se conoce como "duda razonable". *Pueblo v. Toro Martínez,* 200 DPR 834, 855 – 856 (2018).

"Duda razonable" es aquella duda fundada que surge como producto del raciocinio de todos los elementos de juicio involucrados en el caso. *Pueblo v. Irizarry,* 156 DPR 780, 788 (2002). Quien por disposición legal tiene el peso de la prueba es el Ministerio Público, teniendo que demostrar la culpabilidad de un acusado *más allá de duda razonable.* Es el responsable de presentar evidencia que produzca certeza o convicción moral en una conciencia exenta de preocupación o ánimo prevenido. *Pueblo v. Centeno*, 208 DPR 1, 6 (2021). Cuando se trata del delito de Fraude en la ejecución de obras, se ha establecido que el Ministerio Público tiene que presentar un grado de prueba en el cual "se demuestre que el imputado incumplió con los términos y las condiciones de un contrato de obra de construcción y que lo hizo con el propósito definido y específico de defraudar a aquellas personas con las que se obligó." *Pueblo v. Padilla Soto*, 138 DPR 344, 348 (1995). [16]

### B. Elementos del delito de Fraude en la ejecución de obras

El delito de Fraude en la ejecución de obras se encuentra tipificado en el Art. 204 del Código Penal de Puerto Rico de 2012, *supra.* Este expresamente establece:

> Toda persona que se comprometa a ejecutar cualquier tipo de obra y que, luego de recibir dinero como pago parcial o total para ejecutar el trabajo contratado, con el propósito de defraudar incumple la obligación de ejecutar o completar la obra según pactada, será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta diez mil dólares ($10,000).

---

[16] Se hace la salvedad de que es una Sentencia, pero se trae para fines ilustrativos del grado requerido en el delito de Fraude en la ejecución de obra.

> En todos los casos el tribunal ordenará, además, que la persona convicta resarza a la parte perjudicada por el doble del importe del dinero recibido como pago parcial o total para ejecutar el trabajo contratado. 33 LPRA sec. 5274.

Es necesario que al momento de cometer el delito de Fraude en la ejecución de obras se cumpla una cantidad de requisitos, estos son:

> (1) Una definición de cuál es la obra de construcción y los términos y condiciones pactados para ejecutarla;
> (2) la persona contratada debe haber recibido dinero como pago total o parcial para ejecutar la obra;
> (3) el incumplimiento por parte de dicha persona con los términos y condiciones para ejecutar la obra, y
> (4) la intención o propósito específico de la persona de defraudar a aquéllas con las que se obligó.
> *Pueblo v. Sierra Rodríguez,* 137 DPR 903, 909 – 910 (1995).

En cuanto a la intención que requiere el delito de Fraude en la ejecución de obras. El Tribunal Supremo ha establecido que este es un delito de intención especifica. Por lo que requiere que al momento de cometerse el delito "el imputado haya actuado con la intención específica de defraudar." *Pueblo v. Sierra Rodríguez, supra.* Es necesario destacar que conducta fraudulenta, según el Art. 14(v) del Código Penal de Puerto Rico de 2012, Ley Núm. 146 – 2012, 33 LPRA sec. 5014, es "el acto cometido mediante ardid, simulación, trama, treta o mediante cualquier forma de engaño".

**III.**

En su primer señalamiento de error el apelante alega que el Estado no cumplió con el estándar de prueba requerido por ley para que se le encontrara culpable de delito más allá de duda razonable. Mientras que, en su segundo señalamiento de error, el apelante alega que no se probaron los elementos del delito de Fraude en la ejecución de obra. Estando ambos errores intimamente relacionados, procedemos a discutirlos en conjunto.

En esencia, el apelante argumenta que la prueba presentada por el Ministerio Público presenta lagunas, ya que no logra establecer que

existía un acuerdo claro entre las partes. También sostiene que de la prueba desfilada surge que se recibió dinero como pago parcial. Sin embargo, no se logró establecer a qué parte de la ejecución de la obra iba a ser adjudicada. Además, el apelante plantéa que de la cotización no surge un término específico para la entrega de la obra y que la prueba documental no logra demostrar que existen clausulas o condiciones establecidas. Por último, plantea el apelante que la prueba desfilada no logra establecer la intención de defraudar.

De entrada, el Art. 204 del Código Penal de Puerto Rico de 2012, *supra*, establece que será condenada de delito "Toda persona que se comprometa a ejecutar cualquier tipo de obra y que, luego de recibir dinero como pago parcial o total para ejecutar el trabajo contratado, con el propósito de defraudar incumple la obligación de ejecutar o completar la obra según pactada". Ante una contorversia de Fraude en la ejecución de obras, es necesario la aplicación de los elementos discutidos anteriormente. En el caso que os ocupa se estableció lo siguiente:

(1) Existía una obra definida, pues se había acordado la customización de los contenedores y la movilidad de estos al municipio de Culebra.[17] [18]

(2) El apelante recibió pagos correspondientes a la mano de obra los días 4, 8 y 9 de octubre del año 2019. [19] [20] [21]

(3) El apelante nunca cumplió con la totalidad de lo establecido, pues no había terminado con lo acordado. [22] [23]

(4) Se puede denotar una intención especifica de defraudar, pues luego de los pagos el apelante no concluyó la labor y dejó de contestar el teléfono. Incluso, al momento de ser contactado se encontraba fuera del país sin haber notificado al señor Guerrero Espada o Guerrero Calderón, dueños de los contenedores. [24] [25] [26]

---

[17] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, a la pág. 9.
[18] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Calderón, a la pág. 102.
[19] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, págs. 13 y 15
[20] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Calderón, págs. 108 – 109.
[21] Véase, *Transcripción parcial de Juicio.* Declaración de Agte. Elliot Rivera Rodríguez, a la pág. 150.
[22] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, a la pág. 18.
[23] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Calderón, a la pág. 110.
[24] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, págs. 18 – 20 y 27.
[25] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Calderón, págs. 109 - 110.

Luego de un ponderado análisis de la prueba desfilada por el Ministerio Público, es meritorio concluir que se probaron los elementos del delito más allá de toda duda razonable. Lo declarado por los señores Guerrero Espada y Guerrero Calderón logró probar que habían llegado a un acuerdo y que se habían realizado pagos parciales dirigidos a la obra.

El testimonio del Sr. Guerrero Espada logró probar, a satisfacción del jurado, que el apelante realizó una cotización por catorce mil setescientos sesenta y cuatro dólares con veinticuatro cuatro centavos ($14,764.24)[27]. De igual forma se presentó evidencia de que para el 3 de octubre de 2019 los trabajos en la obra habían comenzado[28]. Ello, dado que, allí había un esqueleto del sistema eléctrico y se habían instalado puertas principales, puertas de entrada y algunas ventanas. También los testimonios probaron que para el 4, 7 y 8 de octubre de 2019 se realizaron pagos correspondientes a la obra.

De igual modo, la prueba presentada demostró que para la fecha del 7 de julio de 2021 ambos contenedores habían desaparecido sin que sus dueños fueran notificados. El testimonio del agente Rivera Rodríguez logró confirmar que los contenedores no se encontraban en la finca al momento de realizar la investigación[29]. También logró demostrar que se realizaron varias gestiones para poder contactar al apelante, las cuales no fueron exitosas. Este pudo ser contactado el 31 de agosto de 2021. En dicha comunicación, según surge de la prueba presentada, el apelante se encontraba fuera de Puerto Rico.

De un analisis de discutido anteriormente se puede concluir que el apelante tuvo la intención de defraudar a los señores Guerrero Espada y Guerrero Calderón. Esto a raíz de que este luego de llegar a unos acuerdos y haber recibido pagos correspondientes a la obra, desaparece sin haber completado las condiciones establecidas en la obra y sin

---

[26] Véase, *Transcripción parcial de Juicio.* Declaración de Agte. Elliot Rivera Rodríguez, págs. 152 – 154.

[27] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, a la pág. 10.

[28] Véase, *Transcripción parcial de Juicio.* Declaración de Jorge Luis Guerrero Espada, a la pág. 13.

[29] Véase, *Transcripción parcial de Juicio.* Declaración del Agte. Elliot Rivera Rodríguez a la pág. 159.

notificación alguna. Ante ello, concluimos que no se cometieron los errores señalados.

**IV.**

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones